Isaac P. Hernandez (SBN 025537)
Hernandez Law Firm, PLC
55 East Thomas Road
Phoenix, Arizona 85012
Tel:  602.753.2933
Fax:  855.592.5876
isaacphdez@gmail.com

Daniel R. Ortega, Jr. (SBN 005015)
Ortega Law Firm, P.C.
361 East Coronado Rd., Ste 101
Phoenix, Arizona 85004
Tel:  602.386.4455
Fax:  602.386.4480
danny@ortegalaw.com

*Attorneys for Plaintiff Octavio Valle and the Plaintiff Class*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Octavio Valle, on behalf of himself and all similarly situated individuals,<br><br>    Plaintiffs,<br><br>    v.<br><br>L.R. Cowan Concrete Co., Inc.; Leonard Cowan and Patricia Cowan, individually,<br><br>    Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

**COMES NOW** Plaintiff Octavio Valle ("Plaintiff") on behalf of himself and all similarly situated individuals ("Plaintiff Class"), by and through undersigned counsel, and in support of this Complaint against Defendants L.R. Cowan Concrete Co., Inc.; Leonard Cowan and Patricia Cowan (collectively "Defendants"), hereby alleges on behalf of himself and all other similarly situated individuals, as follows:

**I.   NATURE OF THE ACTION**

1. Plaintiff, on behalf of himself and the Plaintiff Class, brings this collective action to recover unpaid compensation and other appropriate relief from the Defendants

pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiff contends that Defendants failed to compensate Plaintiff and Plaintiff Class members at one-and-a-half times their regular rate for overtime worked over their regular forty-hour workweek, and failed to pay them at all for certain time periods worked, thereby depriving Plaintiffs of compensation to which they were entitled. Plaintiff, on behalf of himself and the Plaintiff Class, seeks declaratory relief, back-pay for nonpayment and underpayment of wages, liquidated damages, attorney's fees and costs, and other relief available under 29 U.S.C. § 216 and any other applicable law.

## II. JURISDICTION AND VENUE

2. Jurisdiction over Plaintiffs' federal law claims is conferred on this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the violations of the FLSA alleged herein occurred in whole, or in part, in Maricopa County, Arizona, and because Defendants maintain a place of business in, and regularly conduct business in Maricopa County, Arizona, and throughout the geographic region comprising this judicial district.

## III. PARTIES

4. Defendant L.R. Cowan Concrete Co., Inc. ("Defendant Cowan Concrete"), an Arizona corporation, is a construction company with an emphasis on concrete construction services for residential and commercial customers.

5. Plaintiff is a resident of Maricopa County, Arizona.

6. Defendants employed Plaintiff as a non-exempt hourly employee from 1997 until his termination on or about October 21, 2011.

7. Plaintiff brings this action on behalf of himself and all other similarly situated individuals, current and former non-exempt hourly employees who performed work on construction projects for Defendants at any time from three years prior to the

Hernandez Law Firm, PLC
55 E. Thomas Road
Phoenix, Arizona 85012
602.753.2933

filing of this Complaint to the entry of judgment in this action.

8. During the applicable statutory period, Defendants employed between 25 and 40 non-exempt hourly employees to perform work on construction projects for Defendants, including but not limited to, general laborers, concrete framers/finishers, lead men, and foremen.

9. Upon information and belief, Defendant Leonard Cowan has been an owner and/or officer of Defendant Cowan Concrete during the applicable statutory period.

10. Upon information and belief, Defendant Patricia Cowan has been an owner and/or officer of Defendant Cowan Concrete during the applicable statutory period.

11. Upon information and belief, Defendants Leonard and Patricia Cowan were responsible for all business operations of Defendant Cowan Concrete, including but not limited to, administering and implementing all company policies and procedures concerning or affecting employees.

12. Upon information and belief, Defendants Leonard and Patricia Cowan have been residents of Maricopa County, Arizona, at all times during the applicable statutory period.

13. At all times relevant herein, Defendants qualified as "employers" as defined in 29 U.S.C. § 203(d), and thus subject to the requirements of the FLSA, 29 U.S.C. § 201 *et seq.*

## IV. FACTUAL BACKGROUND

14. Plaintiff began working for Defendants in June or July 1997 as a general laborer, earning about $6.50 per hour.

15. Sometime around late 2000 or early 2001, Plaintiff began working for Defendants as a concrete framer/finisher.

16. Sometime in 2002, Plaintiff was promoted to the position of "lead man," supervising a crew of four to six employees.

17. In October 2006, Plaintiff received a pay increase to $22.00 per hour.

18. In May 2009, Plaintiff's hourly rate was reduced to $19.80 per hour.

19. In September 2009, Plaintiff's hourly rate was reduced to $18.00 per hour.

20. On or about June 3, 2011, Plaintiff suffered a work-related injury, which limited his ability to perform his regular duties.

21. Defendants terminated Plaintiff's employment on or about October 21, 2011.

22. Beginning in early 2009, Defendants implemented a policy requiring or permitting employees, including Plaintiff and Plaintiff Class members, to "volunteer" their work time.

23. During the applicable statutory period, Plaintiff and Plaintiff Class members worked about two hours of "volunteer" time per day, Monday through Friday.

24. During the applicable statutory period, Plaintiff and Plaintiff Class members worked about four to six hours of "volunteer" time two or three Saturdays per month.

25. During the applicable statutory period, Plaintiff and Plaintiff Class members performed work for Defendant for which they were not paid.

26. During the applicable statutory period, Plaintiff and Plaintiff Class members were not paid one-and-a-half times their regularly hourly rate for all hours worked in excess of 40 hours per work week.

27. Upon information and belief, Defendant retaliated against employees who refused to work "volunteer" time by subjecting them to adverse employment actions, including but not limited to, reducing their work schedules and ultimately forcing those employees who refused to work "volunteer" time to voluntarily resign.

## V.     CLASS ALLEGATIONS

28. Plaintiff files this case as an "opt-in" class action as specifically allowed by 29 U.S.C. § 216(b).  (*See* Plaintiff's Consent Form attached hereto as Exhibit A).

29. Plaintiff and members of the Plaintiff Class are non-exempt hourly

employees who are currently or have been employed by Defendants to perform work on construction projects for Defendants at any time from three years prior to the filing of this Complaint to the entry of judgment in this action.

30. Plaintiff contends that this action is appropriate for class action status because of the large number of potential plaintiffs, and because Defendants have acted in the same manner with regards to Plaintiff and all members of the Plaintiff Class.

31. By failing to pay Plaintiff and Plaintiff Class members for all hours of work, Defendants violated Plaintiffs' rights under the FLSA and implementing regulations, including but not limited to 29 C.F.R. §§ 785.11 and 785.12.

32. Defendants' failure to pay Plaintiff and Plaintiff Class Members for all hours of work was knowing, willful, and in reckless disregard of Plaintiffs' rights under the FLSA.

33. By failing to pay Plaintiff and Plaintiff Class members one-and-one-half times their regular hourly rate for all hours worked in excess of 40 hours per work week, Defendants violated Plaintiffs' rights under the FLSA and implementing regulations, including but not limited to 29 U.S.C. § 207.

34. Defendants' failure to pay Plaintiff and Plaintiff Class members one-and-a-half times their regular hourly rate for all hours worked in excess of 40 hours per work week was knowing, willful, and in reckless disregard of Plaintiffs' rights under the FLSA.

## VI. DEMAND FOR TRIAL BY JURY

35. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all triable questions of fact raised by the complaint.

**WHEREFORE**, Plaintiffs pray for relief against Defendants as follows:

A. Declare that Defendants violated the FLSA by failing to pay Plaintiff and Plaintiff Class members for all hours worked for Defendants;

B. Declare that Defendants violated the FLSA by failing to pay Plaintiff and Plaintiff Class members one-and-a-half times their regularly hourly rate for all hours worked in excess of 40 hours per work week;

C. Award Plaintiff and Plaintiff Class members payment for all unpaid wages;

D. Award Plaintiff and Plaintiff Class members liquidated damages in an amount equal to their unpaid wages;

E. Order Defendants to pay Plaintiffs' reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

F. Order Defendants to pay pre-judgment interest on all amounts for which pre-judgment interest is legally allowable, at the highest lawful rate;

G. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against Defendant; and

H. Order all other relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to the Plaintiffs.

RESPECTFULLY SUBMITTED this 25th day of October, 2012.

By:   */s/ Isaac P. Hernandez*
        Isaac P. Hernandez
        **Hernandez Law Firm, PLC**
        55 East Thomas Road
        Phoenix, Arizona  85012

        and

        */s/ Daniel R. Ortega, Jr.*
        Daniel R. Ortega, Jr.
        **Ortega Law Firm, P.C.**
        361 East Coronado Rd., Ste. 101
        Phoenix, Arizona  85004

        *Attorneys for Plaintiff Octavio Valle and the Plaintiff Class*